UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) ) ) v. ) ) ) ) BORIS LEVITIN, ) Defendant. ) ) ) ) | Cr. No. 08-10251-MLW |

MEMORANDUM AND ORDER

WOLF, D.J. September 6, 2024

In 2010, defendant Boris Levitin pled guilty to six counts of mail fraud related to a scheme that he participated in with his co-defendant Carolyn Kravetz to defraud Dunkin Brands, Incorporated. Levitin subsequently filed a motion pursuant to 28 U.S.C. §2255 to vacate his convictions, arguing that he was actually innocent because the indictment did not allege conduct constituting a crime. See §2255 Motion (Dkt. No. 151). On May 2, 2024, the court denied Levitin's §2255 motion, holding that it suffered from three procedural defects and, in any event, was not meritorious (Dkt. No. 185).

On July 1, 2024, Levitin filed a motion for a certificate of appealability ("COA") permitting him to appeal the decision denying his §2255 motion (the "Motion", Dkt. No. 187). Pursuant to

28 U.S.C. §2253(c)(1)(B), a defendant may not appeal a final order in a §2255 proceeding unless the district court first issues a COA or the Court of Appeals authorizes it. This court may only issue a COA if a defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A movant "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). This standard presents "a low bar." Pinero v. Medeiros, 381 F.Supp.3d 169, 171 (D. Mass. 2019). Nevertheless, a movant "seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." Miller-El, 537 U.S. at 338 (quotation marks and citation omitted).

Levitin has not satisfied this standard because jurists of reason could not debate whether Levitin's motion is procedurally barred. See Miller-El, 537 U.S. at 327; cf. Burnham v. Evangelidis, 411 F.Supp.3d 126, 130 (D. Mass. 2019) (denying request for COA where "reasonable jurists could [not] debate whether [the defendant's] claims were exhausted or good cause existed to excuse the lack of exhaustion"). As discussed in detail in the May 2, 2024 Memorandum and Order, Levitin's §2255 motion suffered from

three procedural defects: (1) Levitin did not raise his claim on direct appeal; (2) Levitin failed to file his §2255 motion within one year of the date on which his conviction became final, as required by 28 U.S.C. §2255(f)(1); and (3) pursuant to his plea agreement, Levitin knowingly and voluntarily waived his right to collaterally attack his conviction. See May 2, 2024 Mem. & Order at 8-9.

Levitin argues that his motion is not barred by these procedural defects because the indictment failed to allege a cognizable crime. See Motion at 11-12. However, the only case Levitin cites in support of this argument, Davis v. United States, 417 U.S. 333 (1974), is inapposite. In Davis, the Court wrote that conviction and punishment "for an act that the law does not make criminal . . . inherently results in a complete miscarriage of justice" and consequently warrants relief under §2255. Id. at 346-47 (internal quotation marks omitted). Unlike the petitioner in Davis, Levitin only contends that the indictment was not sufficiently specific to give him notice that he had committed mail fraud based on a valid legal theory. He does not contend that he pled guilty to conduct that, as in Davis, could not be criminal as a matter of law. Indeed, Levitin concedes that the indictment "was consistent, at the time of its issuance, with several quite

3

different courses of conduct that <u>would have been criminal</u> on Levitin's part." Motion at 4 (emphasis added).

As the court previously wrote:

> [T]he Indictment in this case provided Levitin with the required fair notice of the theories of the case and the essential facts on which the grand jury relied. Specifically, the indictment alleged that Levitin, acting with the intent to defraud Dunkin, provided Kravetz with invoices for work that was not performed, accepted payment for them, and kicked back half of those payments to Kravets. In addition, as the Magistrate Judge found, the discovery Levitin received provided additional information on the theories encompassed by the fraud charges. <u>See</u> Dkt. No. 28 at 2-3. Moreover, and importantly, any failure to provide fair notice would be a "mere legal insufficiency" that is inadequate to show the "factual innocence" necessary to overcome the procedural obstacles to obtaining relief under §2255.

May 2, 2024 Mem. & Order at 15-16 (citing <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998) and <u>Barreto-Barreto v. United States</u>, 551 F.3d 95, 101 (1st Cir. 2008)).

In view of the foregoing, reasonable jurists could not debate whether Levitin's §2255 motion is procedurally barred. Therefore, Levitin's motion for a certificate of appealability is hereby DENIED. Levitin may nevertheless seek a certificate of appealability from the Court of Appeals for the First Circuit. <u>See</u> Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts (amended Feb. 1, 2010).


UNITED STATES DISTRICT JUDGE